# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**HENRY L. MARTIN,**

      **Plaintiff,**

**vs.**                           **Case No. 1:16cv372-WTH/CAS**

**NANCY A. BERRYHILL, Acting**
**Commissioner of Social**
**Security,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

On March 13, 2017, the Acting Commissioner (Commissioner), Defendant filed a motion to dismiss Plaintiff's Complaint or, in the alternative, a motion for summary judgment (motion). ECF No. 8. The motion references a Declaration, supported by several exhibits, attached to the motion. ECF No. 8-1. The Commissioner's motion referred to matters outside the pleadings and was treated as a motion for summary judgment under Federal Rule of Civil Procedure 56. ECF No. 9. *See* Williams v. Comm'r of Soc. Sec., 664 F. App'x 763 (11th Cir. 2016) (unpublished).

On April 14, 2017, Plaintiff filed a memorandum in opposition to the motion, with numerous exhibits.   ECF Nos. 10-10-5.   In light of the factual statements made in Plaintiff's memorandum, the Commissioner was ordered to file a reply.   ECF No. 11.   On May 1, 2017, the Commissioner filed a reply.   ECF No. 12.

Based on a thorough review of the record, it is respectfully recommended that the Commissioner's motion to dismiss, treated as a motion for summary judgment, be granted.

I.

Plaintiff requests review of an August 8, 2016, decision of the Commissioner (Appeals Council decision) partially denying him Supplemental Security Income (SSI) benefits from April 6, 2012, through December 31, 2014, but granting SSI benefits, with a disability date of January 1, 2015.   ECF No. 1.

The Commissioner makes several argument in support of dismissing this case.   First, the Complaint should be dismissed because the Complaint was not timely filed in this Court as it was filed on Monday, December 19, 2016, well-past the filing 60-day deadline of October 12, 2016, 65 days after August 8, 2016.   Second, the Complaint was not filed within 60 days after Plaintiff "had actual knowledge" of the notice and

decision on October 17, 2016, because the 60th day ran on Friday, December 16, 2016, and the Complaint was not filed until Monday, December 19th.   Third, the Complaint was untimely filed more than 60 days after Plaintiff's attorney acknowledged receipt of the decision on October 18, 2016, with the 60th day falling on December 17th, which is a Saturday.   ECF Nos. 8 at 7 and 12 at 5-6 and n.2.

Plaintiff argues that neither he nor his attorney received a copy of the August 8th decision from the Appeals Council and that it was not until October 17, 2016, when Plaintiff first learned of the decision when he made an inquiry at the Gainesville, Florida, Social Security office.   He advised his attorney's personnel on the same day and they accessed the decision online.   ECF No. 10-5 at 1, 3-4.   According to Plaintiff, on October 18, 2016, his attorney's Administrative Assistant *downloaded and printed out* a copy of the Appeals Council's decision, thus commencing the 60-day filing deadline, which, according to Plaintiff, expired on "Saturday, December 18, 2017[,]" making the filing of the Complaint on "Monday, December 20, 2017[,]" timely.[1]   ECF No. 10 at 10.

---

[1]    These dates are incorrect.   The 60th day from October 18, 2016, fell on Saturday, December 17, 2016, and the Complaint was filed on Monday, December 19, 2016.   ECF No. 1; *see infra* at nn. 3, 5.   The Commissioner argues, as a secondary argument, that the 60th day fell (60 days from the date an electronic copy of the

II.

A motion for summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).   Evidence presented by the plaintiff in opposition to the motion for summary judgment, and all reasonable factual inferences arising from it, must be viewed in the light most favorable to the plaintiff.   Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970); Jones v. Cannon, 174 F.3d 1271, 1282 (11th Cir. 1999).

To prevail on a motion for summary judgment, the defendant must show that the plaintiff has no evidence to support his case on the narrow issue raised in the motion.   *See* Celotex Corp., 477 U.S. at 322-23.   If the defendant successfully negates an essential element of the plaintiff's case, the burden shifts to plaintiff to come forward with evidentiary material demonstrating a genuine issue of material fact.   *Id.*   The "mere existence of *some* alleged factual dispute between the parties will not defeat an

---

decision was downloaded) on December 17, 2016, making the filing on December 19th untimely, citing Roberts v. Shalala, 848 F.Supp. 1008, 1017 (M.D. Ga. 1994) ("finding 'the equities herein are not with the plaintiff' where plaintiff 'waited 57 days after her contended receipt of notification before submitting her appeal to this court')."   ECF No. 12 at 6.

otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).   The plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), and a "scintilla" of evidence or conclusory allegations is insufficient.   Celotex Corp., 477 U.S. at 324 (quoting former Fed. R. Civ. P. 56(e)).   The Plaintiff must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion.   Celotex Corp., 477 U.S. at 273-74; Hammer v. Slater, 20 F.3d 1137 (11th Cir. 1994).   Lastly, an affidavit supporting or opposing a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."   Fed. R. Civ. P. 56(c)(4).

III.

On September 15, 2014, an Administrative Law Judge (ALJ) issued a "Notice of Decision-Unfavorable" decision denying Plaintiff's claim for SSI benefits under Title XVI, ECF No. 8-1 at 31-40, and a copy was mailed to Plaintiff with a copy to Plaintiff's attorneys.   ECF No. 8-1 at 3, 33.   This notice states, in part, that Plaintiff must file a

written appeal **within 60 days** of the date you get this notice.   The
Appeals Council assumes you got this notice 5 days after the date of
the notice unless you show you did not get it within the 5-day period.
The Appeals Council will dismiss a late request unless you show you
had a good reason for not filing it on time.

ECF No. 8-1 at 31.

On October 24, 2014, Plaintiff's prior counsel sent, by facsimile, a

request for review of the ALJ's unfavorable decision.   ECF No. 8-1 at 41-

47; *see* ECF No. 10 at 1-2.   According to the certificate of service, the

request was sent by U.S. Mail on October 28, 2014, to the Appeals

Council.   ECF No. 8-1 at 47.

According to Plaintiff's current counsel,

[o]n or about June 9, 2016, the Appeals Council issued a Notice of
Appeals Council action granting Plaintiff's Martin's Request for
Review of the September 15, 2014[, ALJ's] decision.   Unfortunately,
thereafter on June 17, 2016[,] prior counsel sent plaintiff Martin a
letter telling him that the Appeals Council had denied review and
informant [sic] to [sic] him that he had 60 days to file an appeal with
the United States District Court, but to do that he would need to find
another representative.   Attached hereto and incorporated herein by
reference is the July [sic] 17, 2016[,] letter as exhibit A.

ECF No. 10 at 2; *see* ECF No. 10-1 at 1, Exhibit A.   Exhibit A is not

completely legible, although it refers to a status as "Unfavorable Decision"

and some type of action taken by the Appeals Council.   *Id.*   No Appeals

Council decision is attached to the June 17, 2016, letter in the provided

exhibits.   *Id.*

On June 28, 2016, an Office Assistant with Plaintiff's current attorney's law firm sent Plaintiff a letter notifying him of an appointment scheduled for June 30, 2016; that Plaintiff would have to complete a Social Security Intake Questionnaire; that he would need to provide a copy of prior counsel's withdrawal letter and provide a copy of the denial letter.   ECF No. 10-2, Exhibit B.

On July 8, 2016, Plaintiff's current attorney advised the Appeals Council of their representation of Plaintiff in response to "the Appeals Council's notice dated 06/09/2016 granting [Plaintiff] benefits as of 01/01/2015."   ECF No. 10-3, Exhibit C.   Counsel provided the Appeals Council with additional evidence to support consideration of an earlier onset date.   *Id.*

On July 11, 2016, the Branch Chief for the Office of Disability Adjudication and Review, advised Plaintiff's attorney that they did "not grant your request for more time before we act on this case.   We have received your comments and additional evidence based on our prior correspondence dated June 9, 2016," and would proceed based on the records previously compiled.   ECF No. 10-4, Exhibit D.

On August 8, 2016, the Appeals Council sent a notice, by mail, addressed to Plaintiff, with a copy to his current attorney, advising Plaintiff

that its decision was *partially favorable* to Plaintiff, that is, it determined

Plaintiff was disabled since January 1, 2015, ECF No. 8-1 at 4, 48, 50, 55,

*see* ECF No. 8-1 at 52-56 ("Decision of the Appeals Council)", not since

April 6, 2012, as found by the ALJ, ECF No. 8-1 at 40.   The Appeals

Council considered, in part, "new evidence submitted in connection with the

request for review."   ECF No. 8-1 at 54.   Plaintiff was advised that he had

"60 days to file a civil action (ask for court review)" and that "[t]he 60 days

start the day after you receive this letter.   We assume you receive this

letter 5 days after the date on it unless you show us that you did not receive

it within the 5-day period."   *Id.* at 49.   The notice indicates that Plaintiff's

current attorney was copied with this notice.   *Id.* at 4, 50.

On November 22, 2016, Plaintiff's current attorney wrote a letter to

the Appeals Council essentially recapping the prior letter of July 8, 2016,

and a subsequent letter of July 16, 2016, and then stated, in part:

> . . . .On October 17, 2016[,] the client went to the local Gainesville
> district office for a status, and was told that the Appeals Council
> entered partially favorable decision on August 8, 2016.
> Mr. Martin explained that he nor his representative received the
> decision.
>
> On October 17, 2016[,] Mr. Martin called my office, and at that
> time we reviewed the ERE, and *was able to see that the Appeals
> Council entered a partially favorable decision*, but had not mailed the
> decision out to either Mr. Martin nor our office.   Please see the

attached affidavit signed by my client and my administrative assistant
Jemea Graham.[2]

In addition, your decision failed to include a fee agreement
approval.   Therefore, I am requesting that you grant me additional
time to file in USDC, and issue a fee agreement approval letter so
that I may receive a fee.

ECF No. 10-5 at 1.   According to the Declaration of Roxie Rasey Nicoll,

she was unaware of any extension of time to file a civil action.   ECF No. 8-

1 at 4, ¶ (3)(d).   The record does not contain any response from the

Appeals Council to the November 22nd letter.

Plaintiff's attorney provided the Court with excerpts from his case

management history screens beginning on July 18, 2016, which do not

indicate receipt *by the law firm* of the August 8, 2016, notice of the Appeals

Council's decision.   ECF Nos. 10 at 3-5 and 10-5 at 4-5, Exhibit E.

Plaintiff and his attorney deny receiving a copy of this decision from the

Appeals Council.   *See* ECF No. 10-5 at 1-4, Exhibit E.

---

[2]   This statement is consistent with Plaintiff's affidavit of November 17, 2016,
stating that staff at the law firm was able to see the decision of the Appeals Council on
October 17, 2016.   ECF No. 10-5 at 3, ¶ 8.   The law firm Administrative Assistant
confirmed that on October 17, 2016, Plaintiff "called the office to tell us that the Appeals
Council had issued a partially favorable decision regarding his claim. . . .Mr. Martin
spoke with his paralegal and *she accessed the Appeals Council decision online* and
subsequently [presumably October 18, 2016], I printed the August 8, 2016[,] Appeals
Council decision from the Social Security Electronic Express Records system."   ECF
No. 10-5 at 4, ¶¶ 4-5 (emphasis added).   The Administrative Assistant affirmed that
"[n]either prior to October 18, 2016[,] or after that date has a hard copy of the decision
been received by our office."   *Id.* at 4, ¶ 6.

Plaintiff argues that he and his attorney did not timely receive a copy of the Appeals Council's notice and decision, the time to file the Complaint was equitably tolled as a result, and "good cause" has otherwise been shown to extend the filing date to Monday, December 19, 2016, 62 days after the law firm personnel "printed" the decision.

The Complaint was filed on Monday, December 19, 2016, 133 days from August 8, 2016, but within 60 days from October 18, 2016, the date personnel at the law firm printed a copy of the Appeals Council's decision. The 60th day fell on Saturday, December 17, 2016, *see infra* at n.5.[3]   ECF Nos. 1 and 10 at 10-11; *see* ECF No. 10-5 at 4-5, ¶ 7 (Dec. 17, 2016, date Administrative Assistant identified to file complaint).

On October 17, 2016, Plaintiff and law firm personnel were aware, however, of the August 8, 2016, Appeals Council's decision, and a paralegal accessed the decision online on October 17th.   If this date of notice applies, the 60th day fell on Friday, December 16, 2016, not Saturday, December 17, 2016, and the Complaint was untimely filed, if the filing time is 60 days.   ECF No. 10-5 at 2-3, ¶¶ 7-8 and at 4-5, ¶¶ 4-7; *see* ECF No. 8 at 7.

---

[3]   Plaintiff incorrectly states the December dates.   ECF No. 10 at 10-11.

IV.

"It is by now axiomatic that the United States 'is immune from suit save as it consents to be sued,' and Congress alone determines how and when the United States may be sued for judicial review of administrative orders and judgments."   Jackson v. Astrue, 506 F.3d 1349, 1352-1353 (11th Cir. 2007) (citations omitted).

> A claimant may only proceed in the district court if [his] civil action is "commenced within sixty days after the mailing to [his] of notice" of "any final decision of the Commissioner of Social Security made after a hearing to which [she] was a party" or "within such further time as the Commissioner of Social Security may allow."   42 U.S.C. § 405(g); *see also* Bowen v. City of New York, 476 U.S. 467, 478-79, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986) (concluding that the 60-day time period is not jurisdictional but is instead a statute of limitations that operates as a waiver of sovereign immunity).
>
> The regulations promulgated by the Commissioner further provide that a civil action must be "instituted within 60 days after the Appeals Council's notice of denial. . . or notice of the decision by the Appeals counsel is received . . . except that this time may be extended by the Appeals Council upon a showing of good cause."   20 C.F.R. § 422.210(c).   "[T]he date of receipt of . . . notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c); *accord* 20 C.F.R. § 404.901 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period).

Williams, 664 F. App'x at 764.

The 60-day period for filing a civil action is not jurisdictional, but is a period of limitation which may be subject to equitable tolling.   Bowen, 476

U.S. at 478-79.   The 60-day time limit, however, is strictly construed because it defines the terms on which the United States waives its sovereign immunity and consents to be sued.   Bowen, 476 U.S. at 479.

"[T]raditional equitable tolling principles require a claimant to justify [his] untimely filing by a showing of extraordinary circumstances."   Jackson v. Astrue, 506 F.3d at 1353.   "The extraordinary circumstances standard, we explained, may be met 'where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her . . . .'" *Id.* (citation to an unpublished opinion omitted).   "[T]raditional equitable tolling principles require that the claimant demonstrate extraordinary circumstances, such as fraud, misinformation, or deliberate concealment." *Id.* at 1355.   The Eleventh Circuit has defined "extraordinary circumstances" narrowly.   *See, e.g.*, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000) (equitable tolling is typically applied sparingly).   Equitable tolling is not available if the untimeliness is a consequence of a lawyer's mistake or negligence.   *Id.* at 1355 (citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999) (considering tolling with respect to motion filed pursuant to 28 U.S.C. § 2255)).   Likewise, ignorance of the law, standing alone, is not a basis for equitable tolling.   Jackson, 506 F.3d at

1356.    The doctrine has been applied where the Government has engaged in clandestine or otherwise misleading conduct, *see* Bowen, 476 U.S. at 480, or where the claimant fails to seek judicial review in a timely manner because of a mental impairment.    Canales v. Sullivan, 936 F.2d 755, 759 (2d Cir. 1991).[4]

It is not disputed that the Appeals Council's notice of a partially favorable decision is dated Monday, August 8, 2016.    ECF No. 8-1 at 48; ECF No. 10 at 4.    Plaintiff presumptively received this notice five days later on Saturday, August 13, 2016.[5]    20 C.F.R § 422.210(c); Williams, 664 F.

---

[4]   The final inquiry, then, focuses on whether there are equitable reasons to toll the limitations period.   In general, equitable tolling is appropriate if notice was inadequate, if the plaintiff was awaiting court action on a motion, if the court led plaintiff to believe he had done everything required of him, or if affirmative conduct on the part of the defendant lured plaintiff into inaction.   Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151, 104 S. Ct. 1723, 1725, 80 L. Ed. 2d 196 (1984).   In social security appeals, courts also invoke the doctrine when there is evidence of (a) bias on the part of the administrative law judge, (b) statutory of [sic] constitutional challenges to agency regulations and procedures, and (c) illegal or secretive actions by the agency that prevent claimants from knowing a violation of their rights has occurred.

Parrott v. Comm'r of Soc. Sec., No. 9:95-CV-256, 1995 U.S. Dist. LEXIS 18748, at *8-9 (E.D. Tex. Dec. 14, 1995) (citations omitted).

[5]   Finally, it does not matter that the presumed date of receipt (June 11, 2016) fell on a Saturday.   *See* Flowers u. [sic] Colvin, 2013 U.S. Dist. LEXIS 51014, 2013 WL 1442511 at *3 (M.D. Ala. Apr. 9, 2013) (rejecting plaintiff's argument that where the presumptive fifth day for receipt is a Sunday, weekend, or holiday, the 60-day limitation period begins to run on the following business day pursuant to Fed. R. Civ. P. 6(a)(1)(C), because "the five-day grace period at issue is found in a regulation," not the Federal Rules of Civil Procedure or "any local rule or court order, or in any statute.").

App'x at 765 ("The regulations clearly state that the date of receipt should be presumed to be five days after the date of the actual notice." (citations omitted)).   The complaint needed to be filed on or before October 12, 2016, or 65 days after the notice was issued on August 8, 2016.   It was not, a fact not in dispute.

A "presumption arises upon proof of 'the date of [the] notice,' without any proof that the notice was in fact mailed on or about that date."   *See* Gay-Allen v. Colvin, No. 3:13CV 586/MCR/EMT, 2015 U.S. Dist. LEXIS 15453, at *11 (N.D. Fla. Jan. 5, 2015) (citing 20 C.F.R. § 422.210(c)), *adopted*, 2015 U.S. Dist. LEXIS 15451 (N.D. Fla. Feb 9, 2015).   Thus, there is no requirement that the Commissioner must provide a record of when the notice was deposited in the mail.   To rebut the presumption, a claimant must make a "reasonable showing" that he did not receive the notice within 5 days of its date.   20 C.F.R. § 422.210(c).   If the claimant successfully rebuts the presumption, the burden shifts to the Secretary to establish that the claimant received actual notice.   *See* McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987).   However, "[a] long

_____

Qualia v. Colvin, No. CV416-226, 2016 U.S. Dist. LEXIS 182448, at *4 (S.D. Ga. Dec. 12, 2016), *adopted by, dismissed by*, 2017 U.S. Dist. LEXIS (S.D. Ga. Jan. 20. 2017).

line of cases indicates that denying the timely receipt of the notice is

insufficient, standing alone, to extend the period for filing a lawsuit."

Hardin v. Astrue, No. 5:09cv94-RH/EMT, 2010 U.S. Dist. LEXIS 117763, at

*4 (N.D. Fla. Nov. 5, 2010) (citations omitted); Gay-Allen v. Colvin, 2015

U.S. Dist. LEXIS 15453, at *16 (citations omitted).

For example, in Hardin, 2010 U.S. Dist. LEXIS 117763, the Appeals

Council mailed the notice denying plaintiff's request for review on March

21, 2008.   The plaintiff said that neither she nor her attorney received the

mailed copy of the notice when in fact the attorney had actual knowledge of

the denial by August 4, 2008, because the attorney sent a letter to the

Appeals Council on that date asserting that neither she nor the plaintiff had

received the mailed copy of the March 21st notice.   *Id.* at *1-2.   It was

undisputed that by October 20, 2008, the attorney had in hand an actual

copy of the March 21st notice, because the Appeals Council faxed it to her.

The Court determined that "[t]he deadline for filing a lawsuit was 60 days

later, or December 19, 2008, at the very latest, even giving plaintiff the

benefit of every doubt."   *Id.* at *2.   Despite receiving an extension of time

on December 31, 2008, the complaint was not filed until "March 25, 2009,

more than a year after the Appeals Council denied the request for review,

more than eight months after the plaintiff's attorney admittedly knew it,

more than five months after the plaintiff's attorney had in hand an actual copy of the denial, and more than six weeks after the extended deadline as calculated based on the five-day presumption.   These facts provide no basis for equitably tolling the deadline."   *Id.* at 2-3.   The Court noted existing law on this subject indicating "that denying the timely receipt of the notice is insufficient, standing alone, to extend the period for filing a lawsuit," *id.* at *4 (citations omitted), and observed that other cases "could be cited on the other side of the issue."   *Id.* at *4-5.   In one cited case, the plaintiff had moved, the postal forwarding order had expired, and the mail had been disrupted in the area by an anthrax scare.   *Id.* at *5.   The Court noted, "in contrast, there is nothing to suggest that the Appeals Council sent the notice to the wrong address or that anything else might explain the alleged repeated failures to receive the December 31 notice and other mail in the case.   And nothing explains the long delays after the plaintiff and her attorney admittedly knew about and had in hand a copy of the Appeals Council's denial of the claim."   *Id.* at *5-6.

Counsel did not file the Complaint in this Court until *Monday, December 19, 2016,* after printing a copy of the Appeals Council's decision on October 18, 2016, and 62 days from that date.   ECF No.1.   (The 60th day ended on Saturday, December 17, 2016.)

Plaintiff states that he first became aware of the Appeals Council's decision "on or about October 17, 2016."   ECF No. 10-5 at 1-3, ¶¶ 7-8; *see* ECF No. 10 at 6.   In fact, Plaintiff further states that on the same day, he called his attorney's office and spoke with a paralegal who "told [him] they had not received anything from the Appeals Council, while [he] was on the phone, *the paralegal logged into [his] online Social Security file and she told [him] she was able to see that the Appeals Council issued a Partially Favorable Decision on August 8, 2016.*"   ECF No. 10-5 at 3, ¶ 8 and 4-5, ¶¶ 4-7.   (emphasis added).   The Administrative Assistant confirmed that Plaintiff "*spoke with his paralegal and she accessed the Appeals Council decision online.*"   ECF No, 10-5 at 4, ¶ 5 (emphasis added).   These statements conflict with the law firm's entry on October 17, 2016, which states: "Spoke to client and he stated that he spoke to SSA and that they are going to pay this office for work that we did not do.   *Was unable to access claimant's ERE* and explained that it was after hours to call SSA, but that I would try to investigate further and return his call later this week."[6] ECF No. 10 at 3 (emphasis added).   The next law firm entry is October 20,

---

[6]   *See supra* at 8-9, letter dated November 22, 2016, from Plaintiff's counsel to the Appeals Council, stating that his client had called the office on October 17, 2016, "*and at that time we reviewed the ERE, and was able to see that the Appeals Council entered a partially favorable decision. . . .*"   ECF No. 10-5 at 1 (emphasis added).

2016, noting a phone call to Plaintiff and a message left for Plaintiff "to let us know when he received the AC decision dated August 8, 2016."   ECF No. 10 at 4.

Plaintiff visited with the law firm on October 21, 2016, and was advised "there's an issue with the time period to file our complaint. . . ."   *Id.* Of note is the July 8, 2016, letter from Plaintiff's attorney to the Appeals Council stating that Plaintiff "recently hired me to represent him in his attempt to secure Social Security Disability Benefits," ECF No. 10-3 at 1, yet there does not appear to be any sense of urgency when notified on or about October 17, 2016, according to Plaintiff, that the Appeals Council had partially granted (or partially denied) Plaintiff's claim.   Plaintiff was not a new client of the firm.

Neither Plaintiff nor his attorney promptly notified the Appeals Council that they did not receive the decision after October 17 or 18, 2016. Instead, Plaintiff waited approximately 35 days or until November 22, 2016, after the Administrative Assistant reported printing the decision on October 18th, before Plaintiff's attorney informed the Appeals Council that he and Plaintiff did not receive a mailed copy of the decision and he requested "additional time to file in [the] USDC."   ECF No. 10-5 at 1; *see* ECF No. 10 at 5 (data entry).

Plaintiff submitted sworn statements denying timely receipt of the August 8, 2016, decision.   "Courts have repeatedly concluded that a bald denial of timely receipt by the plaintiff and/or her attorney, even if made under oath, is insufficient to constitute a 'reasonable showing.'"   Acres v. Comm'r of Soc. Sec., No. 3:13-cv-219-J-MCR, 2013 U.S. Dist. LEXIS 126153, at *4 (M.D. Fla. Sept. 4, 2013) (citation omitted).   Plaintiff has not made a "reasonable showing" to overcome the presumption that he and/or his counsel received the Appeals Council's notice and decision of August 8, 2016.   As a result, the Complaint filed on December 19, 2016, was untimely and this case should be dismissed because it was not filed within 65 days from August 8, 2016.

Notwithstanding, and considering Plaintiff's incorrect references to the December dates as an oversight, *see supra* at 3 and n.1 and at 10 and n.3, Plaintiff argues that the Complaint was timely filed on Monday, December 19, 2016, or 60 days from October 18, 2016, the date the Administrative Assistant at the law firm printed the decision, given that the 60th day fell on the prior Saturday.   ECF No. 10 at 10-11; *see supra* at n.5 and Fed. R. Civ. P. 6(a)(1)(C).   But, staff at the law firm had actual notice of the Appeal Council's decision on October 17, 2016, when the paralegal accessed the decision online, ECF No. 10-5 at 4, ¶¶ 4-5, and Plaintiff had

actual notice on the same date, ECF No. 10-5 at 2-3, ¶¶ 7-8.[7]   Plaintiff

does not cite any cases that address the application of equitable tolling or

good cause to these facts.[8]

     Under the facts of this case, it is reasonable to consider the date of

Plaintiff's and his law firm's actual notice of the decision rather than the

date when the decision was printed out by the law firm as the starting point

for the running of the 60-day period is reasonable.[9]   The complaint would

have to have been filed on Friday, December 16, 2016, the 60th day.

---

[7]   As noted above, on November 22, 2016, Plaintiff's counsel advised the Appeals Council of the pending dilemma and requested an extension of time to file a complaint.   ECF No. 10-5 at 1.   The record does not contain a response.   Rather than inquire further after not receiving a response and file a complaint after a brief delay, Plaintiff's attorney waited until December 19th to file the Complaint.   *See* ECF No. 10-5 at 4-5, ¶ 7 ("offices's [sic] case management software" setting "the next task to file the complaint in the [USDC] on or before December 17, 2016").

[8]   *See generally* Hardin, 2010 U.S. Dist. LEXIS 117763, at *2 (giving plaintiff benefit of every reasonable doubt, a 60-day time period began when attorney had in hand actual copy of decision).   In Hardin, the complaint was not filed within this window nor in a timely fashion thereafter.   *Id.* at *3-6.   The parties have not cited controlling precedent holding the time for filing of an out-of-time complaint in a SSI disability case is acceptable (under tolling or otherwise) within 60 days after *printing* the hard-copy of the Appeals Council's decision rather than within 60 days after *receipt of notice and viewing* of the decision as here, assuming 60 days is the appropriate time frame.

[9]   "There is no reason why a plaintiff should enjoy a manipulable open-ended time extension which could render the statutory limitations meaningless."   Lewis v. Conners Steel Co., 673 F.3d 1240, 1242 (11th Cir. 1982); Adams v. Hillsborough County Hosp. Auth., No. 97-1575-CIV-T-24E, 1997 U.S. Dist. LEXIS 22912, at *4-5 (M.D. Fla. Sept. 25, 1997).   The U.S. Supreme Court has stressed that "procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."   Baldwin County Welcome Center, 466 U.S. at 152 (dismissing plaintiff's Title VII pro se complaint for failing to comply with the ninety-day filing requirement).

Thus, even applying equitable tolling or good cause, the Complaint was untimely filed on December 19, 2016, and using a 60-day time limit.[10]

V.

After considering the Rule 56 evidentiary materials and all of the information supplied by the Plaintiff and the Commissioner, the undersigned concludes that no genuine issue of material fact exists and it is respectfully recommended that the Commissioner's motion to dismiss, ECF No. 8, construed as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, be granted, this case dismissed, and judgment

---

[10]    Complaints filed in Social Security disability cases filed one day late have been dismissed.    *See, e.g.*, Cook v. Comm'r of Soc. Sec., 480 F.3d 432, 437 (6th Cir. 2007); Hoffman v. Astrue, No. 10-81168-CIV-HURLEY/LYNCH, 2011 U.S. Dist. LEXIS 50098, at *2 (S.D. Fla. Apr. 11, 2011), *adopte*d, 2011 U.S. Dist. LEXIS 50121 (S.D. Fla. May 10, 2011) and cases cited therein.

entered for the Commissioner.[11]

**DONE AND ORDERED** on May 10, 2017.

S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this
Report and Recommendation, a party may serve and file specific
written objections to these proposed findings and recommendations.
Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served
upon all other parties.   A party may respond to another party's
objections within fourteen (14) days after being served with a copy
thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may
appear on the electronic docket is for the Court's internal use only
and does not control</u>.   If a party fails to object to the magistrate
judge's findings or recommendations as to any particular claim or
issue contained in a Report and Recommendation, that party waives
the right to challenge on appeal the district court's order based on the
unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28
U.S.C. § 636.**

---

[11]    Plaintiff argues in passing that 20 C.F.R § 422.210(c) "is in derogation of the
law," ECF No. 10 at 8-9, without any elaboration or citation to legal authority and is not
sufficient to raise this argument.   *See generally Jackson*, 664 F. App'x at 6 n.1 and
cases cited therein.   Although Plaintiff referred to two general cases, the same can be
said regarding Plaintiff's claim that the August 8, 2016, decision "amounted to a denial
of due process."   ECF No. 10 at 10-12.