IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

HENRY L. MARTIN,

    Plaintiff,

v.                                                      CASE NO. 1:16-cv-00372-WTH-CAS

NANCY A BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation. (ECF No. 13). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Plaintiff has filed objections at ECF No. 15. I have made a de novo review based on those objections.

Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted. First, the Court finds that the Magistrate Judge was correct in his determination that plaintiff failed to overcome the presumption that he received notice by August 13, 2016. 20 C.F.R § 422.210(c); Williams v. Comm'r of Soc. Sec., 664 F. App'x 763, 765 (11th Cir. 2016) (unpublished) ("The regulations clearly state that the date of receipt should be presumed to be five days after the date of the actual notice." (citations omitted)). If plaintiff is deemed to have received notice on August 13, 2016, his complaint needed to be filed on or before October 12, 2016, or sixty-five days after the

notice was issued on August 8, 2016. The complaint was not filed by that date – a fact not in dispute. Plaintiff asserted under oath that neither he nor his attorney received a copy of the August 8th decision from the Appeals Council until October 17, 2016. That is, plaintiff claims he first learned of the decision of the Appeals Council when he made an inquiry at the Gainesville, Florida, Social Security office on October 17, 2016. Pl.'s Aff. 3, ¶ 8 and 4-5, ¶¶ 4-7, ECF No. 10-5. However, plaintiff's sworn assertion that neither he, nor his attorney, received the August 8, 2016 notice is insufficient, standing alone, to extend the period for filing a lawsuit. Hardin v. Astrue, No. 5:09cv94-RH/EMT, 2010 U.S. Dist. LEXIS 117763, at *4 (N.D. Fla. Nov. 5, 2010); Gay-Allen v. Colvin, 2015 U.S. Dist. LEXIS 15453, at *16. In fact, "courts have repeatedly concluded that a bald denial of timely receipt by the plaintiff and/or her attorney, even if made under oath, is insufficient to constitute a 'reasonable showing.'" Acres v. Comm'r of Soc. Sec., No. 3:13-cv-219-J-MCR, 2013 U.S. Dist. LEXIS 126153, at *4 (M.D. Fla. Sept. 4, 2013) (citation omitted); see also Hardin, at *4 ("the date of receipt is 'presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.' 20 C.F.R. § 422.210(c)"). Therefore, plaintiff has not made a "reasonable showing" to overcome the presumption that he and/or his counsel received the Appeals Council's notice and decision five days after the notice date of August 8, 2016. As a result, the Complaint filed on December 19, 2016, was untimely and this case is due to be dismissed because it was not filed within 65 days from August 8, 2016.

Even if plaintiff could rebut the presumption that he received the Appeals Council's notice by August 13, 2016, his complaint would still be untimely. This is because, as discussed below, plaintiff admitted that he received actual notice of the Appeals Council's decision on

October 17, 2016, therefore making his complaint filed on December 19, 2016, untimely.[1] In a sworn affidavit, plaintiff avers that on October 17, 2016, he visited the Social Security office in Gainesville, Florida and requested a status update of his case. Pl.'s Aff. 3, ¶ 7, ECF No. 10-5. During that visit, the Social Security staff explained to plaintiff that he received only a Partially Favorable Decision. Id. On that same day, plaintiff called his attorney. During that call, plaintiff's attorney's paralegal accessed plaintiff's Social Security file and confirmed that there was only a Partially Favorable Decision. In a sworn affidavit, plaintiff's attorney's administrative assistant avers that the plaintiff's attorney's paralegal printed the Appeals Council's decision on the following day: October 18, 2016. Admin. Asst.'s Aff. at 4, ¶ 4-6, ECF No. 10-5. For that reason, plaintiff claims that he received notice on October 18, 2016, the date his attorney printed the notice, rather than October 17, 2016, the date that he received notice of the decision's existence.

However, the undersigned agrees with the Seventh Circuit Court of Appeals that notice is "received" when the mail reaches its destination, whether or not it is opened and read. Ho v. Donovan, 569 F.3d 677 (7th Cir. 2009). In Ho, the Department of Housing and Urban Development (HUD) filed charges against Ms. Ho for refusing to rent an apartment to an African American. Id. The court found that Ho received several notices that conveyed all the salient information and enabled her to protect her interests. Id. After suffering a default judgment, Ms. Ho told the administrative law judge that she had left all the notices unopened for months,

---

[1] See generally Hardin v. Astrue, 2010 U.S. Dist. LEXIS 117763, at *2 (giving plaintiff benefit of every reasonable doubt, a 60-day time period began when attorney had actual copy of decision). Thus, sixty days after October 17, 2016, falls on Friday, December 16, 2016. The complaint here was filed on Monday, December 19, 2016.

believing that they contained legal documents that she did not want to read. Id. at 680. Further, Ms. Ho asserted that she "received notice" when she opened and read the notices, rather than the date on which they were delivered. Id. The Ho court stated that if people "received notices" only when those notices were opened and read, then people could evade knowledge, and avoid responsibility, by simply burning notices on receipt — or just leaving them unopened. Ho, at 680. For example, even delivery in-hand by a process server does not compel the recipient to read a notice, but still constitutes an effective receipt of notice. Ho v. Donovan, 569 F.3d 677, 680 (7th Cir. 2009).

The Seventh Circuit's decision in Ho is not binding precedent; however, this Court finds Ho to be persuasive and applicable to this case. Like Ms. Ho, plaintiff knew of the existence of the notice, and he acquired this knowledge on October 17, 2016. On that date, he contacted the paralegal in his counsel's office, and — according to plaintiff's sworn affidavit — the paralegal "logged into my online Social Security file and she told me she was able to see the Appeals Council issued a Partially Favorable Decision on August 8, 2016." Pl.'s Aff. 3, ¶ 8 and 4-5, ¶¶ 4-7, ECF No. 10-5. Therefore, on that date, plaintiff not only became aware of the existence of the notice, but also gained significant knowledge about it: that the contents of the Council's decision were only "partially favorable."

Unlike Ho, plaintiff did not permit his notices to accumulate for months; however, the consequence is still the same: notice was "received" on the date the notice reached its destination. This Court finds that – even if plaintiff overcame the presumption that he received notice on August 13, 2016 – the notice of the Council's decision "reached its destination" on October 17, 2016, when plaintiff's paralegal accessed his Social Security file. Thus, at that

point, he was informed of its existence, just as Ms. Ho received notice when the HUD notices reached their destination through mail.   Because the decision was received on October 17th, the date on which the decision was printed is not relevant to the calculation of the deadline for plaintiff's complaint. Accordingly, this Court disagrees with plaintiff's assertion that he "received notice" when the decision was opened and printed, rather than received.  Therefore, even if plaintiff could rebut the presumption that he received notice of the Appeals Council's Decision back in August, he still should have filed a complaint by Friday, December 16, 2016, (sixty days after October 17, 2018) and thus the filing of his complaint on Monday, December 19, 2016, was untimely.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.     The Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this order.

2.     The Clerk is directed to enter the following judgment: "Commissioner's motion to dismiss, ECF No. 8, construed as a motion for summary judgment, is granted. This case is dismissed, with prejudice."  The Clerk is directed to close the file.

**DONE AND ORDERED** this 1st      day of February, 2018

_____
**UNITED STATES DISTRICT JUDGE**